```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

DESWWARN MANUEL,                    *

     Plaintiff,                     *

vs.                                 *
                                        CASE NO. 4:21-CV-121 (CDL)
BRIGGS EQUIPMENT, INC.,             *

     Defendant.                     *
```

O R D E R

The Court previously denied Plaintiff's motion for a second extension of the expert disclosure deadline. Order (Apr. 22, 2022), ECF No. 14. Plaintiff represented in his motion for the extension that his expert was unable to inspect the forklift that is the subject of this action due to circumstances beyond Plaintiff's control, but the record established that Plaintiff's counsel and expert had many months to inspect the forklift but failed to do so. *Id.* At that time, more than a month before the dispositive motion deadline, Plaintiff's counsel was faced with the prospect of having to oppose a summary judgment motion with no expert to explain why the forklift failed or how the accident was caused by Defendant.

Defendant filed a summary judgment motion on the dispositive motion deadline. Then, Plaintiff filed a motion for voluntary dismissal without prejudice under Federal Rule of

Civil Procedure 41(a)(2). That rule permits an action to "be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court grants Plaintiff's motion (ECF No. 16) under the following conditions:

1. Plaintiff must re-file any subsequent action on his claims arising from the January 17, 2020 forklift accident in the United States District Court for the Middle District of Georgia, Columbus Division.

2. Any discovery conducted in this civil action will be applicable to any subsequent civil action. This does not, however, include deadlines or bars regarding expert testimony or disclosure of experts.

3. Any discovery conducted in this action will be subject to the Federal Rules of Civil Procedure regarding supplementation in any subsequent civil action.

4. The parties may re-open any depositions from this action as long as such re-openings are restricted to new areas of inquiry.

5. Plaintiff shall pay costs and expenses of litigation (including reasonable attorney's fees) incurred by Defendant in filing its summary judgment motion in this action. *See Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001) (per curiam) (Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the

imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice.") (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 859 (11th Cir. 1986)).  If the parties cannot reach agreement on the amount of such fees and expenses within 21 days of today's order, Defendant shall file within 28 days of today's order a motion to recover such fees and expenses, with supporting affidavits.  Plaintiff shall have 14 days to respond to any such motion.

    IT IS SO ORDERED, this 5th day of July, 2022.

                                         S/Clay D. Land
                                         CLAY D. LAND
                                         U.S. DISTRICT COURT JUDGE
                                         MIDDLE DISTRICT OF GEORGIA